UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V.C.X., Ltd.,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT AUGUSTUS BURGE and IVY ZAGORSKI,<br><br>        Defendants. | 2:06-CV-00641-PMP-RJJ<br><br>O R D E R |

      Presently before the Court is Defendants' Motion to Dismiss (Doc. #8), filed on August 11, 2006.  Plaintiff V.C.X., Ltd. ("VCX") filed an Opposition (Doc. #9) on August 25, 2006.  Defendants filed a Reply (Doc. #10) on September 8, 2006, and an exhibit under seal (Doc. #12) on September 15, 2006.

**I.      BACKGROUND**

      Plaintiff VCX is a Nevada corporation in the business of retail and wholesale distribution and sale of adult films.  (Compl. at ¶ 1.)  Defendants Robert Augustus Burge ("Burge") and Ivy Zagorski ("Zagorski") are Texas residents who formerly worked for Plaintiff.  (Id. at ¶¶ 2-3.)  Burge currently is the president of Televised Visual X-ography, Inc., a Nevada corporation doing business as TVX, Inc. ("TVX").  (Aff. of Robert Augustus Burge [Doc. #8] ("Burge Aff.") at ¶ 2.)

      According to the Complaint, in April 2001, VCX hired Burge and Zagorski as consultants.  (Compl. at ¶ 7.)  One of their duties in this capacity was to review and report to VCX the copyright status and source of contractual rights in the films in VCX's library.

(Id.)  Defendants prepared a written summary of their review, entitled the Master Copyright Report.  (Id. at 8.)

By affidavit, Defendant Burge states he prepared the Master Copyright Report in contemplation of purchasing an interest in VCX.  (Burge Aff. at ¶ 3.)  Burge avers he conducted internet research of publicly available information from the United States Copyright Office to prepare the Report.  (Id.)  In contrast to Burge's assertions that he prepared the Master Copyright Report from publicly available sources, VCX's President, David Sutton ("Sutton"), asserts over seventy-five percent of the Master Copyright Report's information comes from VCX's confidential files.  (Decl. of David Sutton [Doc. #9] ("Sutton Decl.") at ¶ 14.)  Sutton avers that Burge reviewed VCX's film masters and observed whether the film contained a copyright notice, and he reviewed VCX's contract and license files related to distribution rights.  (Id. at ¶¶ 14-15.)  According to Sutton, this information is not publicly available and is VCX's confidential information.  (Id. at ¶¶ 14-18.)

In 2001 or 2002, VCX hired Defendants as employees.  (Burge Aff. at ¶ 5; Sutton Decl. at ¶¶ 2, 4.)  During his employment, Burge signed a "Confidential Information and Copyright/Derivative Work Assignment Agreement for Employees and/or Independent Contractors" ("Confidentiality Agreement").  (Sutton Decl. at ¶ 8, Ex. C.)  The Confidentiality Agreement required Burge to keep confidential VCX's proprietary information.  (Sutton Decl., Ex. C at 2-3.)  The Confidentiality Agreement contains a choice of law provision selecting Nevada as the governing law.  (Id. at 9.)

On December 15, 2004, Burge and Zagorski left VCX's employ, and VCX and Burge entered into a Separation Agreement.  (Burge Aff. at ¶ 6; Sutton Decl. at ¶ 5 & Ex. A.)  After disputes between VCX and Burge continued, the parties met in June 2005 and entered into a Settlement Agreement.  (Burge Aff. at ¶ 7; Sutton Decl. at ¶ 6 & Ex. B.)  The Settlement Agreement contains release clauses in which VCX, Burge, and Burge's

1  company, TVX, mutually "forever release and absolutely and forever discharge and
2  covenant not to sue" each other on "any and all claims . . . whether now known or
3  unknown, whether foreseen or unforeseen, and whether past, present or future" which the
4  parties "have had or otherwise may have in connection with, in any way relating to, arising
5  out of, directly or indirectly resulting from or in consequence of the Claims . . . from the
6  beginning of time to the date of this Agreement." (Sutton Decl., Ex. B at Section 2.A &
7  2.B.) The Settlement Agreement also provides that California law governs the Agreement,
8  and any actions to enforce the agreement must be brought only in the Superior Court of
9  California, Central District. (Id. at Section 7.B & 7.C.)

10        The Settlement Agreement did not end the parties' disputes, and on February 23,
11  2006, Burge filed suit against VCX in the Superior Court of the State of California alleging
12  breach of contract, fraud, and intentional interference with prospective economic advantage.
13  (Burge Aff., Ex. A-1.) VCX filed a counterclaim in the California action, alleging
14  fraudulent misrepresentation, conspiracy to breach settlement agreement, interference with
15  contractual relations, and breach of fiduciary duty. (Burge Aff., Ex. A-2.) The California
16  court subsequently dismissed counterdefendant Zagorski from that action. (Decl. of
17  Timothy C. Riley [Doc. #9] ("Riley Decl."), Ex. B.)

18        Plaintiff brings suit in this Court, alleging Defendants violated the Nevada
19  Uniform Trade Secrets Act by furnishing the Master Copyright Report to competitors
20  (count one), Defendants conspired to misappropriate VCX's trade secrets (count two), and
21  Defendant Burge breached the Confidentiality Agreement (count three). Plaintiff further
22  alleges Defendant Burge was aware of the contractual relations between VCX and its
23  customers and Burge intentionally contacted VCX customers to convince them to purchase
24  films from Burge instead of VCX (counts four and five).
25  ///
26  ///

Defendant moves to dismiss, arguing Plaintiff released these claims in the June 2005 Settlement Agreement, the Master Copyright Report is not a trade secret, this Court lacks jurisdiction because the Settlement Agreement has a forum selection clause which selects California as the only proper forum, and the Court ought to dismiss in light of the prior pending action in California.

Plaintiff responds that the release in the Settlement Agreement applies only to claims leading up to the Settlement Agreement, not claims arising afterwards, such as those alleged in the Complaint, and in any event, a release purporting to absolve a party from future torts is not enforceable as against public policy. Further, Plaintiff argues the Master Copyright Report is a trade secret because it does not contain publicly available information, but rather is a compilation of information from Plaintiff's own files. Plaintiff also contends the forum selection clause in the Settlement Agreement is irrelevant because Plaintiff does not seek to enforce the Settlement Agreement in this action. Finally, Plaintiff asserts the Court should not dismiss or stay this action because the prior pending California action does not involve substantially similar claims and would not resolve all claims asserted in the present Complaint.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides:

> [i]f on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). Defendants requested in their initial motion that the Court treat the motion as one for summary judgment under Rule 56. Both parties have attached exhibits to their filings in relation to this motion. Accordingly, the Court will treat it as a motion for summary judgment.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law defines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id.; Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001).

**III.     DISCUSSION**

**A. Exclusive Jurisdiction Clause in the Settlement Agreement**

Defendants argue the Court should dismiss the Complaint because the Settlement Agreement contains an exclusive jurisdiction clause requiring the parties to bring any action regarding the Settlement Agreement in a certain California court. Plaintiff responds that because it does not bring any claims to enforce the June 2005 Settlement Agreement and all its claims arise out of conduct Defendants allegedly engaged in after the Settlement Agreement, the forum selection clause does not apply.

"[F]orum selection clauses are presumptively valid . . . [and] should be honored absent some compelling and countervailing reason." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quotation omitted). However, because enforceability of forum selection clauses is a matter of contract law, the contractual language governs the clause's applicability. See Hendricks v. Bank of Am., N.A., 408 F.3d 1127, 1138 (9th Cir. 2005).

As an initial matter, Defendant Zagorski was not a party to the Settlement Agreement and therefore the forum selection clause has no force or effect with respect to her.  Accordingly, the Court will deny Defendants' motion to dismiss based on the forum selection clause with respect to Defendant Zagorski.

As for Defendant Burge, the Settlement Agreement's forum selection clause provides that "[a]ny and all disputes that may arise regarding this Agreement, including any actions to enforce the Agreement shall be brought exclusively in the Superior Court of California, Central District."  (Sutton Decl., Ex. B at Section 7.C.)  The Settlement Agreement incorporated in full the December 2004 Separation Agreement.  (Sutton Decl., Ex. B at 1.)  The December 2004 Separation Agreement required TVX and Burge to "abide with all agreements signed on behalf of both parties . . . ."  (Sutton Decl., Ex. A at 2.)  The Separation Agreement further provided that both parties agreed "to respect each other's propritory [sic] information . . . ."  (Id.)  In addition to incorporating this prior agreement, the Settlement Agreement required TVX and Burge "not to exploit, assist, cause or permit any one (individual or entity) to exploit any of the films currently owned and/or distributed by VCX, including any film titles alleged to be in the public domain."  (Sutton Decl., Ex. B at Section 1.E.)  Pursuant to the Settlement Agreement, the parties also agreed "not to disparage each other to any other third party, and further to instruct their respective employees and representatives, present and future, to likewise refrain from disparaging any Party on the opposing side of this Agreement . . . ."  (Id. at Section 6.A.)

The Complaint alleges that starting in July 2005, Burge threatened to start disseminating VCX's confidential information through Zagorski. (Compl. at ¶ 16.)  The Complaint further alleges Burge subsequently did so by contacting customers and telling them VCX's rights in certain films were either invalid or questionable.  (Id. at ¶ 17.)  Additionally, the Complaint asserts Burge and Zagorski provided confidential and proprietary information to VCX's litigation adversary.  (Id.)

Count one alleges Burge's conduct violated the Nevada Uniform Trade Secrets Act by providing the Master Copyright Report and certain tax treatment of revenues information to VCX's competitors. Count two alleges Burge and Zagorski conspired to violate the Act. Count three alleges Burge violated his Confidentiality Agreement by these same acts.[1] These causes of action regard the Settlement Agreement and therefore fall within the forum selection clause's reach. The Settlement Agreement incorporated the Separation Agreement, which contained a provision that the parties respect the other's proprietary information. Further, the Settlement Agreement itself prohibits TVX and Burge from assisting others in exploiting VCX's films. According to the Complaint, Burge provided information to VCX's competitors that would assist them in exploiting VCX's film library based on the information in the Master Copyright Report which may indicate lack of copyright protection in certain VCX films.

Counts four and five allege intentional interference with contractual relations due to Defendants allegedly contacting VCX's customers and trying to induce those customers to buy films from Burge instead of VCX. The Complaint alleges Burge "used the trade secret and confidential information he wrongly took from VCX to contact said customers." (Compl. at ¶¶ 41, 47.) This claim also asserts misuse of proprietary information, which falls within the Settlement Agreement and the Separation Agreement incorporated therein. Additionally, the Settlement Agreement contained a non-disparagement clause requiring the parties not to disparage the other. The Complaint alleges Burge contacted customers and told them VCX's rights in certain films were either invalid or questionable, possibly in violation of the non-disparagement clause. Accordingly, counts four and five also regard the Settlement Agreement and the forum selection clause therefore applies.

---

[1] The Confidentiality Agreement contains a choice of law provision selecting Nevada as the governing law, but does not contain a forum selection provision requiring all actions be brought in Nevada. (Sutton Decl., Ex. C at 9.)

  Because all counts of the Complaint against Defendant Burge involve disputes regarding the Settlement Agreement, the forum selection clause is prima facie enforceable. Plaintiff has presented no argument or evidence of a compelling reason not to enforce the clause. The Court therefore will enforce the forum selection clause in the Settlement Agreement and will dismiss all claims against Defendant Burge in this action.

### B. The Release in the Settlement Agreement

  Defendants argue Plaintiff released the claims presented in the current Complaint under the release clause in the June 2005 Settlement Agreement because the parties released all "future" claims against each other. Plaintiff responds that it did not release claims for future misconduct Defendants allegedly committed after the parties signed the Settlement Agreement and even if it did, such a release would be unenforceable as against California public policy.

  The only remaining Defendant in this action, Defendant Zagorski, was not a party to the Settlement Agreement. Consequently, the Settlement Agreement's release has no application to Plaintiff's claims against Defendant Zagorski. The Court therefore will deny Defendants' motion to dismiss on this basis.

### C. Whether the Master Copyright Report is a Trade Secret

  Defendants argue the Master Copyright Report is not a trade secret because Defendants compiled it from publicly available sources, such as through internet searches with the United States Copyright Office. Plaintiff responds the Master Copyright Report contains VCX's proprietary information compiled from VCX's master films and license and distribution agreements, which are not publicly available and which VCX keeps confidential.

  The Nevada Uniform Trade Secrets Act provides a private cause of action for misappropriation of trade secrets. Nev. Rev. Stat. § 600A.010 et seq. To establish a misappropriation claim, the plaintiff must show:

>  (1) a valuable trade secret; (2) misappropriation of the trade secret
>  through use, disclosure, or nondisclosure of use of the trade secret; and
>  (3) the requirement that the misappropriation be wrongful because it
>  was made in breach of an express or implied contract or by a party with
>  a duty not to disclose.

Frantz v. Johnson, 999 P.2d 351, 358 (Nev. 2000) (footnotes omitted). The Act defines a trade secret as:

>  information, including, without limitation, a formula, pattern,
>  compilation, program, device, method, technique, product, system,
>  process, design, prototype, procedure, computer programming
>  instruction or code that:
>  (a) Derives independent economic value, actual or potential, from not
>  being generally known to, and not being readily ascertainable by
>  proper means by the public or any other persons who can obtain
>  commercial or economic value from its disclosure or use; and
>  (b) Is the subject of efforts that are reasonable under the circumstances to maintain its
>  secrecy.

Nev. Rev. Stat. § 600A.030(5). Whether information is a trade secret is a question for the fact-finder. Frantz, 999 P.2d at 358. Factors to consider include the extent to which others outside the business know the information, the ease or difficulty with which others could acquire the information properly, whether the information was confidential or secret, and the measures the employer took to guard the information's secrecy. Id. at 358-59.

A genuine issue of fact remains regarding whether the Master Copyright Report is a trade secret. Although Burge states he prepared the Report from publicly available sources, Sutton avers that as much as seventy-five percent of the Master Copyright Report consists of VCX's proprietary and confidential information. Sutton states by affidavit that some information in the Report is obtainable only by viewing VCX's master films or contracts and licensing agreements, which is VCX's proprietary information. Sutton also states that VCX distributes many of its films pursuant to oral agreements and if Burge disclosed to competitors that VCX did not have documentary evidence supporting its distribution of these older films, competitors could use that information against VCX. Additionally, the Master Copyright Report reflects Burge's opinion on the films' copyright

and distribution status. VCX and Burge entered into a confidentiality agreement under which Burge agreed not to disclose VCX's confidential information, thus suggesting VCX took some measures to keep its confidential information a secret. Under these circumstances, a reasonable jury could conclude the Master Copyright Report is a trade secret and the Court therefore will deny Defendants' motion to dismiss on this basis.

### D. Prior Pending Action

Finally, Defendants argue the Court should dismiss this action in light of the prior pending action in California court. Plaintiff responds that the prior pending action doctrine does not apply where one action is in state court and the other is in federal court. Plaintiff also argues abstention in this case is not appropriate because Defendant Zagorski is not a party to the California state action.

The general rule in our dual state and federal court system is that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity . . . ." Noel v. Hall, 341 F.3d 1148, 1159 (9th Cir. 2003); see also Penn Gen. Cas. Co. v. Commonwealth of Penn. ex rel. Schnader, 294 U.S. 189, 195 (1935) ("Where the judgment sought is strictly in personam . . . both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other."). Although this may result in inefficient simultaneous litigation in state and federal courts on the same issue, the rule is "deeply rooted in our system." Noel, 341 F.3d at 1159.

Defendant Zagorski is the only remaining Defendant in this action in federal district court. Zagorski no longer is a Defendant in the California state action. (Riley Decl., Ex. B.) Even if the parties were identical in the two actions, the actions could proceed simultaneously in state and federal court. Defendants have not identified any abstention or comity principle that would warrant this Court dismissing or staying the present action against Defendant Zagorski, who is not even a party to the state court action. Accordingly,

the Court will deny Defendants' motion to dismiss on this basis.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #8) is hereby GRANTED in part and DENIED in part. The motion is granted with respect to Defendant Burge. The motion is denied with respect to Defendant Zagorski.

IT IS FURTHER ORDERED that all claims in the Complaint against Defendant Burge are hereby DISMISSED without prejudice to be raised in the proper forum under the Settlement Agreement's forum selection clause.

DATED: November 30, 2006

_____
PHILIP M. PRO
Chief United States District Judge